**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

KENNETH DEWAYNE TURNER,                                                  PLAINTIFF
ADC #134776

v.                                               4:21CV00581-JM-JTK

JOHN LONG, et al.                                                        DEFENDANTS

## <u>ORDER</u>

On May 26, 2022, Defendants John Long and Jeff Williams (collectively, "Defendants")

filed a Motion for Summary Judgment on the merits of Plaintiff's claims, together with a Brief in

Support and Statement of Undisputed Facts.  (Doc. Nos. 37-39).  This Order advises Plaintiff of

what any Response he wishes to file should include, and warns Plaintiff of the consequences of

not filing a Response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead,

must meet proof with proof.  <u>See</u> Fed. R. Civ. P. 56(e).  This means that Plaintiff's Response must

include his legal arguments, as well as affidavits,[1] prison records, or other evidence establishing

that there is a genuine issue of material fact that must be resolved at a hearing or trial.

Furthermore, pursuant to Local Rule 56.1, Plaintiff must <u>also</u> <u>separately</u> file a Statement of

Disputed Facts, which lists: (a) any disagreement he has with the specifically numbered factual

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit <u>and must be either</u>: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

assertions contained in Defendants' Statement of Undisputed Facts (Doc. No. 39); and (b) any other disputed facts that he believes must be resolved at a hearing or trial.[2]

Finally, Plaintiff is advised that if he intends to rely upon grievances or records that have been filed with the Court previously, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Plaintiff's factual contentions.  See Crossley v. Georgia-Pacific, Corp., 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff must file, **within thirty (30) days of the entry of the Order**, a Response to Defendants' Motion for Summary Judgment, and a separate Statement of Disputed Facts that complies with FED. R. CIV. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

2.      Plaintiff is advised that the failure to timely and properly comply with this Order will result in: (a) all of the facts set forth in Defendants' summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

IT IS SO ORDERED this 1st day of June, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] If Plaintiff disputes any of the facts set forth in Defendants' Statement of Undisputed Facts, he must identify each numbered paragraph that contains the facts he disputes and, for each paragraph, explain why he disputes those facts.